IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JONATHAN ASHLEY**
580 Massie Rd.
Charlottesville, VA 22903

      Plaintiff,

  v.

**U.S. DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

      Defendant.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Jonathan Ashley ("Mr. Ashley" or "Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for declaratory, injunctive and other appropriate relief brought by Jonathan Ashley ("Mr. Ashley" or "Plaintiff") against the Defendant Department of Justice ("DOJ" or "Defendant").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under FOIA to release requested records concerning non-prosecution agreements ("NPAs") and deferred prosecution agreements ("DPAs") made between the DOJ and several corporations. Plaintiff is statutorily entitled to the disclosure of these records, which Defendant has improperly withheld in violation of the Act.

## PARTIES

3.      Plaintiff Jonathan Ashley is a librarian at the University of Virginia ("UVA") School of Law.  Specifically, Mr. Ashley is a business reference librarian conducting research in collaboration with Brandon L. Garrett, a professor at Duke University School of Law (formerly at University of Virginia School of Law) engaged in scholarship regarding the criminal justice system. Professor Garrett's scholarship seeks to make an academic contribution to the legal field and public discourse by examining important facets of the criminal justice system and by providing access to important sources of information to journalists, the general public, and scholars engaged in legal research.

4.      Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f).  It has possession, custody, and/or control of the records that Plaintiff seeks.  DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

### Background

7.      Since the mid-2000s, the DOJ has entered into non-prosecution agreements and deferred prosecution agreements with several major corporations in lieu of prosecution.  In these agreements, prosecutors may require company reform in exchange for deferring prosecution.  According to Government Accountability Office's ("GAO") 2009 Report to Congressional Requesters, the DOJ began tracking its use of these agreements in 2009 and has

since maintained a list of such DPAs and NPAs.  *See* 2009 Report to Congressional Requesters, GAO, December 2009, https://www.gao.gov/assets/300/299781.pdf (the "2009 GAO Report").

8. The DOJ has also documented the existence of many DPAs and NPAs in public press releases.  The specific press releases which detail the agreements sought pursuant to Mr. Ashley's FOIA requests are described below.

9. Professor Garrett published a 2007 Virginia Law Review article analyzing the terms of these agreements, as well as concerns regarding their lack of judicial review and the potential for prosecutorial abuse.  *See* Brandon L. Garrett, *Structural Reform Prosecution*, 93 Va. L. Rev. 853 (2007).  Given the public importance of federal prosecution of organizations, Professor Garrett and Mr. Ashley created an online resource hosted by the library at the University of Virginia School of Law that houses an extensive collection of federal corporate prosecution agreements.

10. As of August 26, 2021, there are more than three hundred fifty DPAs and NPAs available on Professor Garrett and Mr. Ashley's website.  *See* Brandon L. Garrett and Jon Ashley, Corporate Prosecution Registry, https://corporate-prosecution-registry.com.  This collection makes documents available to the public that shed light on the process by which DOJ enters into these agreements with corporations.

11. Specifically, Professor Garrett and Mr. Ashley's database provides the public a meaningful opportunity to scrutinize the terms of these agreements.  Further, disclosure is in the government's interest since public availability dispels any myths or false allegations regarding the content of the prosecution agreements.

**Plaintiff's FOIA Requests**

12.     On April 20, 2020, Jonathan Ashley submitted by email a FOIA request to the DOJ FOIA/PA Mail Referral Unit (the "Mail Unit Request") and a FOIA request to the Executive Office for United States Attorneys (the "EOUSA Request"). A true and correct copy of the Mail Unit Request and EOUSA Request (collectively, the "Requests") is attached hereto as Exhibit A. Mr. Ashley has received no documents in response to the two Requests.

<u>The Mail Unit Request</u>

13.     On April 20, 2020, Mr. Ashley submitted a FOIA request to the DOJ's FOIA/PA Mail Referral Unit via e-mail (MRUFOIA.Requests@usdoj.gov) seeking records regarding NPAs and DPAs entered into by DOJ and several corporations. Specifically, the Mail Unit Request sought the following:

1)  Copies of the DOJ's list of deferred and non-prosecution agreements from 2009 to present, as mentioned in the 2009 GAO Report.

2)  Copies of NPAs entered into by the DOJ and twelve corporations. The requested non-prosecution agreements are detailed in press releases issued by the DOJ (for ten of the twelve companies) and by the Department of Labor (DOL) and the Department of the Treasury (USDT) for the remaining two. The companies for whom NPAs were requested, along with the relevant press release numbers, where available, are the following:

   1. Unitrans International Inc. (DOJ release no. 19-1345, December 4, 2019)
   2. Celerity Educational Group (DOJ release no. 19-100, May 20, 2019)
   3. Zurich Life Insurance Company Ltd. (DOJ release no. 19-425, April 25, 2019)
   4. Waste Management Texas (DOJ release, August 29, 2018)
   5. Redflex Traffic Systems Inc. (DOJ release no. 16-1528, December 27, 2016)
   6. Hale Products Inc. (DOJ release no. 16-1195, October 14, 2016)
   7. Octal Group. (DOJ release no. 16-1195, October 14, 2016)
   8. CG Technology, LP (DOJ release, October 3, 2016)
   9. PC Specialists Inc. (DOJ release 15-1000, August 11, 2015)
   10. Curvature LLC (DOJ release, April 3, 2015)

  11. Pharmaceutical Technologies, Inc. (DOL release, no. 18-0478-DAL, March 27, 2018)
  12. National Oilwell Varco (USDT release, November 14, 2016).

Exhibit A at 1-2.

  14. The Mail Unit Request complied with all applicable DOJ regulations regarding the submission of FOIA requests.

## The EOUSA Request

  15. On April 20, 2020, Mr. Ashley submitted a FOIA request to the Executive Office for United States Attorneys seeking NPAs entered into between DOJ and five corporations. The EOUSA Request specified the United States Attorney's Office (USAO) that entered into each agreement. The five corporations for which NPAs were requested and their respective USAOs are the following:

1. Curvature LLC (USAO for the Southern District of Texas)
2. Waste Management Texas (USAO for the Southern District of Texas)
3. National Oilwell Varco (USAO for the Southern District of Texas)
4. CG Technologies (USAO for the Eastern District of New York)
5. Celerity Educational Group (USAO for the Central District of California)

Exhibit A at 4-5.

  16. The EOUSA Request also included internet links to the DOJ press releases detailing the NPAs entered into with the five corporations above. *Id.*

  17. This Request complied with all applicable DOJ regulations regarding the submission of FOIA requests.

## **Defendant's Treatment of Plaintiff's FOIA Requests**

  18. Mr. Ashley received a confirmation e-mail acknowledging receipt of the EOUSA Request on April 20, 2020. The confirmation e-mail, a second confirmation email dated April 21, 2020, and the status of the EOUSA Request as reflected by FOIA Online tracking portal as of

August 26, 2021 are attached hereto, collectively, as Exhibit B.  The April 20, 2020 confirmation email states that the EOUSA Request was assigned the tracking number EOUSA-2020-002473, and includes a link to the FOIA Online tracking portal. Exhibit B at 1. As of August 26, 2021, FOIA Online describes the EOUSA Request as "Under Agency Review" and reflects that no records have been released.  Exhibit B at 3.

19. On September 29, 2020, having received no further communication for either Request, Mr. Ashley submitted an administrative appeal, via both the DOJ's online system and U.S. Mail (the "Appeal"). A true and correct copy of the Appeal is attached to this complaint as Exhibit C.  Among other things, the Appeal challenged Defendant's failure to respond to the Mail Unit Request and the EOUSA Request.

20. On October 22, 2020, Mr. Ashley received a confirmation e-mail acknowledging receipt of the Mail Unit Request. The confirmation e-mail is attached hereto as Exhibit D. The confirmation e-mail states that the Mail Unit Request was assigned tracking number EMRUFOIA102220. The confirmation e-mail also states that the request had been referred to the Executive Office for U.S. Attorneys (EOUSA), the DOJ component deemed most likely to have the requested records. Exhibit D at 1.

21. Mr. Ashley has received no further documents or communications relating to the Mail Unit Request or EOUSA Request.

22. Defendant has failed to make a determination with respect to the Requests within the 20-day working deadline required by FOIA.  5 U.S.C §552(a)(6)(A).

23. As of the filing of this complaint, it has been 564 days since the filing of both the Mail Unit Request and the EOUSA request, and 402 days since the filing of the Appeal. To date, Defendant has not released any records in response to either of the Plaintiff's FOIA Requests.

24. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the FOIA Requests. 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION

### Violation of FOIA for Wrongful Withholding of Agency Records

25. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as fully set forth herein.

26. Defendant is an agency subject to FOIA. 5 U.S.C. § 551.

27. Plaintiff has a right under FOIA to the information responsive to the FOIA Requests.

28. Through the FOIA Requests, the Plaintiff properly asked for agency records within the possession, custody and/or control of Defendant. The Requests complied with all applicable regulations regarding the submission of FOIA requests.

29. Defendant has not released any records or portions thereof that are responsive to the Plaintiff's FOIA Requests.

30. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Requests.

31. Defendant has failed to identify whether or how disclosure of each of the records sought by the Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

32. Defendant has improperly withheld agency records responsive to the FOIA Requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendant to make the requested records available to Plaintiff at no cost and without delay;

(2) declare that Defendant's withholding of the requested records is unlawful;

(4) award Plaintiff reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: November 5, 2021

                Respectfully Submitted,

                */s/ Gabriel Rottman*
                Gabriel Rottman, D.C. Bar No. 992728
                gr4jz@lawschool.virginia.edu
                Lin Weeks, DC Bar No. 1686071
                lin.weeks@law.virginia.edu
                Ian Kalish*
                zjt2hh@lawschool.virginia.edu
                University of Virginia School of Law
                First Amendment Clinic
                580 Massie Road
                Charlottesville, VA 22903
                *\*Of counsel*

                Wendy Liu, D.C. Bar No. 1600942
                PUBLIC CITIZEN LITIGATION GROUP
                1600 20th Street NW
                Washington, DC 20009
                (202) 588-1000

                *Counsel for Plaintiff*