# EXHIBIT C



Jennifer A. Nelson
Lecturer  |  First Amendment Clinic

September 29, 2020

Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
6th Floor
441 G St NW
Washington, DC 20530
Phone: (202) 514-FOIA

**SUBMITTED VIA FOIASTAR**

RE: *FREEDOM OF INFORMATION ACT APPEAL, FOIA Requests Nos. EOUSA-2020-002473, ATFY20-110.*

Dear FOIA Appeals Officer,

This letter constitutes an administrative appeal under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, and is submitted on behalf of Jonathan Ashley (jonashley@law.virginia.edu) ("Mr. Ashley") to the Office of Information Policy of the United States Department of Justice ("DOJ"). This appeal concerns the Department of Justice's failure to respond to three FOIA requests submitted by Mr. Ashley on April 20, 2020.

I.  **Factual and Procedural History**

On April 20, 2020, Jonathan Ashley submitted four FOIA requests via email (the "Requests"). A true and correct copy of the Requests are attached hereto, collectively, as **Exhibit A**.[1]

---

[1] The fourth Request, submitted on April 20, 2020 to the DOJ's Tax Division, was fulfilled on May 19, 2020 and is therefore not addressed in this appeal.

A.  *First Request*

The First Request, submitted to the DOJ's Mail Referral Unit via e-mail (MRUFOIA.Requests@usdoj.gov), sought records regarding non-prosecution agreements ("NPAs") and deferred prosecution agreements ("DPAs") entered into by the Department of Justice and several corporations (the "First Request").  Specifically, the First Request sought the following:

(1) copies of the DOJ's list of deferred and non-prosecution agreements from 2009 to present, as mentioned in the Government Accountability Office's ("GAO") 2009 Report to Congressional Requesters.  *See* 2009 Report to Congressional Requesters, GAO, December 2009 https://www.gao.gov/assets/300/299781.pdf (the "2009 Report")

(2) Copies of NPAs entered into by the DOJ and the following twelve companies:

1. Unitrans International Inc.
2. Celerity Educational Group
3. Zurich Life Insurance Company Ltd.
4. Waste Management Texas
5. Redflex Traffic Systems Inc.
6. Hale Products Inc.
7. Octal Group
8. CG Technology, LP
9. PC Specialists Inc.
10. Curvature LLC
11. Pharmaceutical Technologies, Inc.
12. National Oilwell Varco

Exhibit A at 1–2.  Mr. Ashley received no confirmation, response, or tracking number in response to this Request.

In addition to this Request, Mr. Ashley submitted three additional Requests to specific divisions of DOJ that Mr. Ashley believed may possess certain of the NPAs identified above.  These three Requests are detailed below, *infra* Sections I.B–D.

B.  *Second Request (EOUSA-2020-002473)*

On April 20, 2020, Mr. Ashley submitted a FOIA request to the Executive Office for United States Attorneys (the "Second Request"), seeking NPAs entered into between DOJ and the following companies:

1. Curvature LLC

    2. Waste Management Texas
    3. National Oilwell Varco
    4. CG Technologies
    5. Celerity Educational Group

Exhibit A at 4–5.  Mr. Ashley received a confirmation email acknowledging receipt of the Second Request on April 20, 2020.  The confirmation e-mail, a second confirmation email dated April 21, 2020, and the current status of the Second Request as reflected on FOIA Online are attached hereto, collectively, as **Exhibit B**.  The April 20, 2020 confirmation email states that the Second Request was assigned the tracking number EOUSA-2020-002473, and includes a link to the FOIA Online tracking portal. Exhibit B at 1. As of September 28, 2020, FOIA Online describes the Second Request as "Undetermined" and reflects that no records have been released.  Exhibit B at 3.

    C.  *Third Request* (ATFY20-110)

On April 20, 2020, Mr. Ashley submitted a FOIA request to Kenneth Henricks, chief of the FOIA/PA Unit at the DOJ Antitrust Division (the "Third Request").  The Third Request sought the release of NPAs entered into between DOJ and the following companies:

    1. Octal Corp, Inc.
    2. Hale Products, Inc.

Exhibit A at 6–7.  Mr. Ashley received a confirmation email acknowledging receipt of the Second Request on April 23, 2020.  The confirmation e-mail, attached hereto as **Exhibit C**, states that the Third Request was assigned the tracking number ATFY20-110.  The agency stated that the Request falls within "unusual circumstances," citing 5 U.S.C. § 552(a)(6)(B)(i)–(iii), and indicated that the agency "will need to extend the time limit to respond to your request beyond then ten additional days provided by the statute."  Exhibit C.

As of the date of this appeal, 162 days after Mr. Ashley submitted his requests, no further communication from the DOJ has been received, no determination has been made with respect to the First,

Second, or Third Request, and no records responsive to the First, Second, or Third Request have been produced.[2]

## II.  Argument

FOIA requires the government to make a "determination" within twenty business days of the receipt of a request.  5 U.S.C. § 552(a)(6)(A)(i).  To satisfy this requirement, the agency "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Was. V. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*").  FOIA allows an extension of ten days in "unusual circumstances," and requires the agency to notify the person making the request that it cannot be completed in the twenty days required by statute.  5 U.S.C. § 552(a)(6)(B)(i).  Only the DOJ Antitrust Division claimed "unusual circumstances" and notified Mr. Ashley of any such extension.  As a result, the remaining claims are subject to the twenty day requirement of § 552(a)(6)(a)(i).  Within the statutory period, FOIA requires the agency to notify the person making the request of their determination and the reasons therefor.  5 U.S.C. § 552(a)(6)(A)(i)(I).

Under either requirement, thirty days or twenty days, the time for the DOJ to respond to the requests has long since lapsed.  The DOJ has failed to make a determination and notify Mr. Ashley within thirty days.  The Department has failed to provide a response and tracking number to one request, and has not provided an estimated time of completion for any of the requests as it is required to do under FOIA.  5 U.S.C. § 552(a)(7)(A-B).

---

[2] As detailed above, *supra* fn 1, the DOJ Tax Division fulfilled a separate FOIA request seeking the NPA entered into between the Tax Division and Zurich Life Insurance Company Ltd.  The remainder of the NPAs contained in Mr. Ashley's First Request remain at issue and have not been produced by DOJ.

The DOJ has not communicated the scope of documents it intends to produce or withhold, the reasons for this decision, or any documents in accordance with the First, Second, and Third FOIA Requests detailed above, and is therefore in violation of its statutory duties under FOIA.  5 U.S.C. § 552(a)(6)(B)(i-iii).

### III.     Conclusion

The DOJ is in violation of its obligations under FOIA by failing to respond to and produce requested documents responsive to Mr. Ashley's FOIA requests within thirty days.  We respectfully request that you direct the Department to make a determination as soon as possible, but in no case longer than twenty business days from the date this administrative appeal is acted upon.

If you have any questions regarding this appeal, please do not hesitate to call me at 202-795-9312 or email me at jn5g@lawschool.virginia.edu.  I look forward to your determination with respect to this appeal within twenty business days.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).


Sincerely,

Jennifer A. Nelson
University of Virginia School of Law
First Amendment Clinic
580 Massie Road
Charlottesville, VA 22903
Jn5g@lawschool.virginia.edu

*Counsel for Jonathan Ashley*