UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN ASHLEY,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 21-2923 (RBW)<br>)<br>)<br>)<br>)<br>) |

## <u>ANSWER</u>

Defendant U.S. Department of Justice ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed against Defendant by Plaintiff Jonathan Ashley ("Plaintiff"). All allegations not specifically admitted are denied.

    1.    This paragraph contains Plaintiff's characterizations of his claims to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking declaratory and injunctive relief.

    2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**PARTIES**[1]

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      Defendant admits that it has an office located at 950 Pennsylvania Avenue, NW, Washington, DC 20530. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

**JURISDICTION AND VENUE**

5.      This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction subject to the terms and limitations of FOIA.

6.      This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

**FACTS**

**Background**

7.      This paragraph pertains to the Government Accountability Office's 2009 Report to Congressional Requestors, which speaks for itself. To the extent a response is required, Defendant respectfully directs the Court to that report for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

---

[1]     For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

8.      This paragraph pertains to certain of Defendant's press releases which speak for themselves. To the extent a response is required, Defendant respectfully refers the Court to the cited press releases for a complete and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Plaintiff's FOIA Requests**

12.     Defendant admits that Plaintiff submitted a FOIA request to Defendant and the Executive Office for United States Attorneys ("EOUSA") dated April 20, 2020 and that those requests are attached to the Complaint as Exhibit A. Defendant also admits that Plaintiff has not received any documents in response to its request as of the date of the filing of this Answer.

The Mail Unit Request

13.     This paragraph pertains to Plaintiff's FOIA request submitted to the Department, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

14.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

The EOUSA Request

15.     This paragraph pertains to Plaintiff's FOIA request submitted to EOUSA, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

16.     This paragraph pertains to Plaintiff's FOIA request submitted to EOUSA, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

17.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

**Defendant's Treatment of Plaintiff's FOIA Requests**

18.     Defendant admits the allegations in this paragraph.

19.     Defendant admits that Plaintiff submitted an administrative appeal and that a copy of the administrative appeal is attached as Exhibit C to Plaintiff's Complaint. The remaining allegations in this paragraph pertain to that appeal, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's administrative appeal for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

20.     Defendant admits that it sent a confirmation letter acknowledging receipt of Plaintiff's FOIA request to the Department, assigned tracking number EMRUFOIA 102220, and

that the letter informed Plaintiff that the Department referred the request to EOUSA, a component of the Department.

21.     Defendant admits that as of the date that Plaintiff filed his Complaint, neither the Department nor EOUSA sent Plaintiff any correspondence other than acknowledgements of receipt.

22.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that more than 20 working days have passed since Plaintiff submitted his FOIA requests. Defendant otherwise denies the allegations in this paragraph.

23.     Defendant admits that as of the date of this Answer EOUSA has not provided its response to Plaintiff's FOIA requests or produced responsive records.

24.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

## CAUSE OF ACTION

### Violation of FOIA for Wrongful Withholding of Agency Records

25.     Defendant incorporates by reference its responses to paragraphs 1-24.

26.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

27.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

28.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's FOIA request was a proper request. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether

all requested records are in its possession, custody or control because EOUSA's search for responsive records is ongoing.

29.     Defendant admits the allegations in this paragraph.

30.     Defendant admits that as of the date of the filing of this Answer that it has not cited any exemptions to withhold records or portions of records that are response to Plaintiff's FOIA requests.

31.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that as of the date of the filing of this Answer that it has not identified whether or how disclosure of records sought by Plaintiff would foreseeably harm an interest protected by a FOIA exemption.

32.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## REQUEST FOR RELIEF

The allegations in paragraphs 1 through 2 and 4 through 5 under the "Request for Relief" section of the Complaint contain Plaintiff's requests for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**First Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

**Second Defense**

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).


Dated: December 13, 2021
        Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Acting Chief, Civil Division


                                        By:        /s/ *Michael A. Tilghman II*
                                              _____
                                              MICHAEL A. TILGHMAN II
                                              D.C. Bar #988441
                                              Assistant United States Attorney
                                              555 Fourth Street, NW
                                              Washington, DC 20530
                                              (202) 252-7113
                                              Michael.Tilghman@usdoj.gov

                                        *Attorneys for the United States of America*