UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN ASHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 21-2923 (RBW) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT STATUS REPORT

Pursuant to the Court's January 14, 2022 Order, the parties, by and through their respective undersigned counsel, submit this Joint Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") case.

Plaintiff Jonathan Ashley ("Plaintiff") filed this action on November 5, 2021, alleging that Defendant U.S. Department of Justice ("Defendant") had failed to respond to his FOIA requests dated April 20, 2020 to the Executive Office of United States Attorneys (the "EOUSA Request") and Defendant's FOIA/PA Mail Referral Unit (the "Mail Unit Request"), referred to EOUSA to provide a response. These requests seek certain records concerning deferred and non-prosecution agreements reached with various corporations. Defendant answered Plaintiff's complaint on December 13, 2021.

EOUSA reported in the parties' December 27, 2021 Joint Status Report (ECF No. 9) that it completed its search for records responsive to the EOUSA Request and that the search for records potentially responsive to Plaintiff's Mail Unit Request remained ongoing. EOUSA also reported that on December 21, 2021, EOUSA provided an interim response to Plaintiff's FOIA requests, in

which EOUSA produced in full some records responsive to Plaintiff's EOUSA Request and some records responsive to Plaintiff's Mail Unit Request.

On January 14, the Court ordered that the parties file another joint status report by February 4, 2022, that "on or before February 4, 2022, the defendant shall complete its search for records responsive to the plaintiff's Freedom of Information Act requests, absent extenuating circumstances," and that "[i]n the event that extenuating circumstances prevent the defendant from completing its search on or before February 4, 2022, the defendant shall advise the Court regarding the circumstances and indicate the date by which it can complete its search."

EOUSA represents that it has since completed its search for records responsive to Plaintiff's Mail Unit Request and anticipates providing its final response by February 11, 2022, thereby completing its processing of records in this case. EOUSA represents that, out of an abundance of caution, it intends to route Plaintiff's Mail Unit Request to Defendant's Criminal Division FOIA/PA Unit to complete a search for records potentially responsive to Part 1 of Plaintiff's Mail Unit Request and represents that the Criminal Division FOIA/PA Unit will need 60 days to complete its search, until April 5, 2022.

The parties agree that summary judgment briefing is not necessary at this time and respectfully propose that they submit a joint status report by March 7, 2022, to inform the Court of the status of Defendant's search, production, and responses. The parties, however, disagree on the amount of additional time that should be provided for search and production in this case for the following reasons.

## PLAINTIFF'S ADDENDUM

Defendant failed to comply with the Court's January 13 order: Defendant has neither completed its search nor identified extenuating circumstances justifying its failure to complete its

search. Rather, Defendant requests an additional two months to complete its search because it "intends to route" part of Plaintiff's request to Defendant's Criminal Division. Defendant's request for an additional two months to complete its search should be rejected. Defendant had ample time in the weeks since the Court's January 14 Order to coordinate with Defendant's Criminal Division and search for documents responsive to Plaintiff's request. Plaintiff requested that the Court set a deadline for Defendant's search precisely to avoid unnecessary delays of this kind.

Regarding the part of Plaintiff's FOIA request seeking information identifying the deferred and non-prosecution agreements that DOJ has executed from 2009 to present, Defendant states that it is "likely" that Defendant does not maintain a centralized list of all deferred and non-prosecution agreements entered between all components of Defendant. Defendant, however, has provided no final response as to Plaintiff's request for that information; indeed, Defendant apparently has reason to believe responsive information exists within the Criminal Division. Moreover, to the extent that responsive information exists within a database, Defendant is required to query that database for the responsive information. *See, e.g., Long v. CIA*, No. 15-1734, 2019 WL 4277362, *4 (D.D.C. Sept. 10, 2019) (holding that extracting data fields that exist within a database does not constitute the creation of a new record even if the agency has to write new computer code to compile the information electronically); *Schladetsch v. HUD*, No. 99-0175, 2000 WL 33372125, at *3 (D.D.C. Apr. 4, 2000) (concluding that "extracting and compiling" data from a database "does not amount to the creation of a new record"). Defendant "has a duty to construe a FOIA request liberally." *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

In addition, Defendant has not agreed to complete its production of records responsive to Plaintiff's requests by any date. Defendant states that it "anticipates" that EOUSA will provide its

final response by February 11, but Defendant has not committed to EOUSA completing its production by February 11. Nor has Defendant made any representation, let alone provided any estimate, for when Defendant's Criminal Division will provide Plaintiff with a final response.

Accordingly, Plaintiff respectfully requests that the Court enter an order setting deadlines for Defendant (including all components of Defendant) to complete its search and production of records responsive to Plaintiff's request. Plaintiff proposes that Defendant complete its search and production of records responsive to Plaintiff's request on or before **February 18, 2022**.

### DEFENDANT'S ADDENDUM

Defendant disagrees with Plaintiff's assertions in Plaintiff's Addendum. As noted, on January 14, 2022, the Court ordered that "[i]n the event that extenuating circumstances prevent the defendant from completing its search on or before February 4, 2022, the defendant shall advise the Court regarding the circumstances and indicate the date by which it can complete its search." The extenuating circumstances that necessitate additional time to complete a search for records potentially responsive to Part 1 of Plaintiff's Mail Unit Request are as follows.

Part 1 of Plaintiff's Mail Unit Request is a vague request that seeks "copies of the Department of Justice's list of deferred and non-prosecution agreements from 2009 to present" and references a 2009 GAO Report. Plaintiff sent the request to Defendant's mailroom, which directed that request to EOUSA's FOIA Office, responsible for responding to FOIA and Privacy Act requests seeking records that are maintained by one or more of the 94 United States Attorneys' Offices. EOUSA's search revealed that it is likely that the Defendant does not maintain a centralized list of all deferred and non-prosecution agreements entered by all components of Defendant. Further, after searching, EOUSA has reason to believe that the case management system referenced in the 2009 GAO report Plaintiff cites in the Mail Unit Request was never

implemented. That alone could be sufficient for EOUSA to issue a no records response to Part 1 of Plaintiff's FOIA request as written or just provide information to which EOUSA has access and brief the adequacy of the search for information responsive to Part 1 of Plaintiff's Mail Unit Request. *See Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) ("[a]gencies must read FOIA requests 'as drafted.'") (quoting *Miller v. Casey*, F.2d 773, 777 (D.C. Cir. 1984)); *Nat. Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 271 (D.D.C. 2012) ("[A] FOIA request for a listing or index of a database's contents that does not seek the contents of the database, but instead essentially seeks information about those contents, is a request that requires the creation of a new record, insofar as the agency has not previously created and retained such a listing or index."); *People for the American Way*, 451 F. Supp. 2d 6, 15 (D.D.C. 2006) (producing a "list of records returned from [a database] search" is "something that FOIA does not mandate" because "the list was not previously created or obtained by the agency" and "an order that defendant produce such a list would be tantamount to requiring the defendant to create an agency record").

Rather than do so, EOUSA recognized, out of an abundance of caution, that Defendant's components process FOIA requests on a decentralized basis (there is no centralized FOIA office for Defendant) and recently determined that Defendant's Criminal Division may possibly have certain potentially responsive information to Part 1 of Plaintiff's Mail Unit Request. However, for Defendant's Criminal Division to process Part 1 of Plaintiff's Mail Unit Request, EOUSA must route the Mail Unit Request to the Criminal Division for processing and intends to do so. The Criminal Division has conveyed that it needs 60 days, until April 5, 2022, to complete its search, which will involve searching an office that is not a part of the Criminal Division's FOIA Office.

The Criminal Division FOIA/PA Unit is a relatively small office and is responsible for the management and review of litigation and administrative requests, including searches. Given the

Criminal Division FOIA/PA Unit's limited resources, ongoing administrative and litigation demands, and significant court deadlines, it anticipates being able to complete its search in 60 days, or by April 5, 2022. Accordingly, Defendant requests that it be given until April 5, 2022, to complete its search.

Respectfully submitted,

  /s/ Gabriel Rottman
GABRIEL ROTTMAN, D.C. Bar No. 992728
gr4jz@lawschool.virginia.edu
Lin Weeks, D.C. Bar No. 1686071
lin.weeks@law.virginia.edu
University of Virginia School of Law
First Amendment Clinic
580 Massie Road
Charlottesville, VA 22903

Wendy Liu, D.C. Bar. No. 1600942
PUBLIC CITIZEN LITIGATION GROUP
1600 20t Street, NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:    /s/ Michael A. Tilghman II
       MICHAEL A. TILGHMAN II
       D.C. Bar #988441
       Assistant United States Attorney
       U.S. Attorney's Office, Civil Division
       555 Fourth Street, NW
       Washington, DC 20530
       (202) 252-7113
       Michael.Tilghman@usdoj.gov

*Attorneys for the United States of America*

Dated:  February 4, 2022