UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JONATHAN ASHLEY,            )<br>                             )<br>   Plaintiff,                )<br>                             )<br>   v.                        )<br>                             )<br>U.S. DEPARTMENT OF JUSTICE,  )<br>                             )<br>   Defendant.                )<br>                             ) | Civil Action No. 21-2923 (RBW) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 8, 2022 Order, the parties, by and through their respective undersigned counsel, submit their third Joint Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") case.

Plaintiff Jonathan Ashley ("Plaintiff") filed this action on November 5, 2021, alleging that Defendant U.S. Department of Justice ("Defendant") had failed to respond to his April 20, 2020, FOIA requests to the Executive Office of United States Attorneys (the "EOUSA Request") and Defendant's FOIA/PA Mail Referral Unit (the "Mail Unit Request") for records concerning deferred and non-prosecution agreements reached with various corporations. Specifically, the EOUSA Request requested certain non-prosecution agreements between DOJ and five corporations. Compl. ¶ 15. The Mail Unit Request requested copies of the DOJ's list of deferred and non-prosecution agreements from 2009 to present (Part One) and copies of non-prosecution agreements between DOJ and twelve corporations (Part Two). *Id.* ¶ 13.

On January 14, 2022, the Court ordered that "on or before February 4, 2022, the defendant shall complete its search for records responsive to the plaintiff's Freedom of Information Act requests, absent extenuating circumstances," and that "[i]n the event that extenuating

Case 1:21-cv-02923-RBW   Document 13   Filed 04/04/22   Page 2 of 5

circumstances prevent the defendant from completing its search on or before February 4, 2022, the defendant shall advise the Court regarding the circumstances and indicate the date by which it can complete its search." ECF No. 11.  After Defendant advised the Court that the Criminal Division required more time to complete its search as to Part One of the Mail Unit Request, the Court ordered Defendant to complete the additional search by the Criminal Division for records responsive to Part One of the Mail Unit Request by April 5, 2021.

Defendant states that its search and production of records in response to the EOUSA Request is complete.  On February 11, EOUSA produced 78 pages of records, including 13 pages of excel sheets, and withheld 4 pages of records in full.  The parties met and conferred about the withheld pages and an additional record Plaintiff believes to be responsive to its request.  On April 1, EOUSA issued a supplemental release of the 4 pages it had previously withheld in full, releasing 2 pages in full and releasing some information and redacting other information on another 2 pages. Defendant has informed Plaintiff that Defendant was unable to locate the additional requested record.

As to the Mail Unit Request, Defendant states that its search and production of records in response to Part Two of the request is complete.  As to Part One of the request—the request for DOJ's list of non-prosecution and deferred prosecution agreements from 2009 to present— Defendant states that its search for responsive records across all components, including the Criminal Division, is complete and further reports below as to the timing of the remaining production.

**PLAINTIFF'S REPORT**

The only part of Plaintiff's request that remains pending is Plaintiff's request for DOJ's list of deferred and non-prosecution agreements from 2009 to present (Part One of the Mail Unit Request).

Defendant has not provided an estimated date for completion of its production, or an estimated page count for its production. Instead, Defendant requests an additional 90 days for an initial review of responsive records. Although Plaintiff appreciates Defendant's representations regarding its limited resources, it is unclear from Defendant's statement why it would take 90 days to provide an initial review of 31 documents. Moreover, the schedule proposed by Defendant is open-ended and sets no deadline for completion of Defendant's production.

Until Defendant's production of records is complete, the parties cannot determine the scope of their dispute, and the litigation cannot advance. Therefore, Plaintiff respectfully requests that the Court set a deadline of 30 days, or May 4, 2022, for Defendant to issue an interim response to Plaintiff, which must include the number of de-duplicated pages of records that are potentially responsive to its request for a list of agreements. Plaintiff further proposes that the Court order Defendant to complete its production of all responsive records within 60 days, by June 3, 2022.

**DEFENDANT'S REPORT**

The Criminal Division will endeavor to issue a response on the EOUSA referral in the next 45 days, or by May 20, 2022. The Criminal Division located thirty-one (31) documents, to include excel spreadsheet files. The Criminal Division will review the documents for responsiveness and de-duplication, which will require a detailed and time-intensive, line-by-line, column-by-column review. The Criminal Division will also identify any necessary consultations during its initial review. After its initial review of the potentially responsive documents, it will be able to access

whether responsive information can be segregated and disclosed and provide a potential processing and response schedule, to possibly include rolling responses. The Criminal Division FOIA/PA Unit is a relatively small office and is responsible for the management, processing, and review of litigation and administrative requests. Given the Criminal Division FOIA/PA Unit's limited resources, ongoing administrative and litigation demands, and significant court deadlines, it anticipates being able to complete its initial review in 90 days, or by July 5, 2022.

*   *   *

The parties agree that summary judgment briefing is not necessary at this time and respectfully propose that they submit a joint status report by May 20, 2022, advising the Court whether any disputes remain, and, if so, proposing a schedule to govern further proceedings. However, the parties disagree on the amount of additional time that should be provided for Defendant's production of records.

- 5 -

Respectfully submitted,

| | |
|---|---|
| */s/ Lin Weeks*<br>Gabriel Rottman, D.C. Bar No. 992728<br>gr4jz@lawschool.virginia.edu<br>Lin Weeks, D.C. Bar No. 1686071<br>lin.weeks@law.virginia.edu<br>University of Virginia School of Law<br>First Amendment Clinic<br>580 Massie Road<br>Charlottesville, VA 22903<br><br>Wendy Liu, D.C. Bar. No. 1600942<br>PUBLIC CITIZEN LITIGATION GROUP<br>1600 20t Street, NW<br>Washington, DC 20009<br>(202) 588-1000<br><br>*Counsel for Plaintiff* | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By:   */s/ Dedra S. Curteman*<br>       DEDRA S. CURTEMAN<br>       IL Bar #6279766<br>       Assistant United States Attorney<br>       U.S. Attorney's Office, Civil Division<br>       555 Fourth Street, NW<br>       Washington, DC 20530<br>       (202) 252-2550<br>       Dedra.Curteman@usdoj.gov<br><br>*Attorneys for the United States of America* |

Dated:  April 4, 2022